IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES RUSTIN STEWART | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-405 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant James Rustin Stewart, a federal prisoner, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Movant is in custody pursuant to a judgment entered in the United States District Court for the Eastern District of Texas. On November 18, 2009, movant was charged in a four-count indictment with three counts of sexual exploitation of children (Counts 1-3) and one count of possession of child pornography (Count 4). Movant entered into a plea agreement in which he agreed to plead guilty to the first three counts of the indictment. The statutory sentence range for each of those three counts was fifteen to thirty years of imprisonment. On July 16, 2010, movant was sentenced to thirty years on each count, with the sentences to run consecutively, for a total of ninety years of imprisonment.

Movant appealed the judgment. After his attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous.

## The Motion

Movant contends that one of his trial attorneys, Mr. Gaylyn Cooper, provided ineffective assistance of counsel by advising movant to accept a plea agreement that allegedly had no benefit. Movant contends his attorney failed to advise movant that the court could order his sentences to run consecutively, so that his potential sentence exposure was ninety years, instead of thirty years. Movant contends his guilty plea was involuntary because of the allegedly erroneous advice. Movant also contends that his trial attorney failed to investigate or provide a defense, failed to file a motion to suppress evidence, and failed to withdraw as movant's attorney.

## The Evidentiary Hearing

"A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The undersigned determined that an evidentiary hearing was necessary in this case to allow both parties an opportunity to present evidence. Accordingly, counsel was appointed to represent movant, and a hearing was conducted to further develop the claims and record in this matter.

Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992). Thus, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

Analysis

*I. Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, movant must prove counsel's performance was deficient, and the deficient performance prejudiced movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because the movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, movant must prove his attorney's performance was objectively unreasonable in light of the facts of movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Mere allegations of prejudice are insufficient; movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In the context of a guilty plea, movant must show a reasonable probability that, but for counsel's

deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

      A.     *Failure to Correctly Advise Movant of Consequences of Guilty Plea*

In his motion to vacate sentence, movant asserted that trial counsel, Mr. Gaylyn Cooper, advised him to plead guilty without advising movant that the court could order his sentences to run consecutively. Movant contends that his attorney advised him that he faced a maximum sentence of thirty years.

At the evidentiary hearing, movant admitted under oath that counsel did not advise him that the maximum possible sentence was thirty years. In addition, movant testified that counsel did not promise him a thirty-year sentence. Movant also testified that counsel advised him that it was the District Court's decision whether the sentences would run concurrently or consecutively.

Mr. Cooper testified that movant was initially represented by Donald Moye when it appeared movant would be prosecuted in state court. Mr. Moye asked Mr. Cooper to get involved in the case as co-counsel after movant was indicted in the Eastern District of Texas. Mr. Cooper testified that he never promised movant a thirty-year sentence; nor did he tell movant's family and friends that movant would be sentenced to thirty to thirty-five years. Mr. Cooper testified that he discussed all possible ramifications of the plea with movant, including that the sentences could be ordered to run consecutively. Mr. Cooper testified that he felt the District Court was fair and would give consideration to movant's plea for leniency, particularly since the Court had not seen the photographs of the victims, which would have come into evidence if there had been a trial.

The testimony of movant and Mr. Cooper was consistent that counsel advised movant of the potential sentence, and that the sentences for each count of the indictment could be ordered to run consecutively.  Both witnesses also testified that Mr. Cooper did not promise movant a thirty-year sentence.  Although two friends of movant's family testified that Mr. Cooper told them movant would be sentenced to thirty to thirty-five years, the court finds their testimony was not credible because it contradicts the testimony of both movant and Mr. Cooper.  Therefore, the court finds that counsel did not perform deficiently by advising or promising movant that he would be sentenced to thirty years of imprisonment or by failing to advise movant that the sentences could be ordered to be run consecutively.

### B.  Advising Movant to Plead Guilty

Movant claims that his attorney should not have advised him to accept a plea agreement to the first three counts of the indictment because the probation officer who prepared the Presentence Report determined that the dismissal of Count 4 did not affect movant's guideline range.

In order to demonstrate that he was prejudiced by counsel's advice, movant must show that he would not have pled guilty but for that advice, and he would have insisted on going to trial.  Movant has not met this burden.  To the contrary, movant testified at the evidentiary hearing that he did not want to go trial, and he did not want the child victims to testify at trial.

Mr. Cooper testified that movant had already decided to plead guilty at the time Mr. Cooper was brought on the case by Mr. Moye.  In Mr. Cooper's opinion, the evidence would have made it very difficult for movant to prevail at trial, but Mr. Cooper would have tried the case if movant wanted a trial.  However, movant repeatedly told Mr. Cooper that he wanted to plead guilty and did not want the children to testify.  Further, Mr. Cooper testified that the prosecutor took the criminal

case very seriously and was not willing to offer a more favorable agreement. It is clear from the record that the defense strategy was for movant to accept responsibility, demonstrate remorse, show that movant was seeking treatment voluntarily, and hope for leniency from a fair judge. In light of the significant evidence against movant, including a significant number of graphic photographs and movant's confession, this was a reasonable strategy, although it was ultimately unsuccessful.

In light of the evidence that movant did not want to go to trial, the court finds that movant would not have rejected the plea agreement and proceeded to trial if he had known that dismissing Count 4 of the indictment would not have affected his guideline range. Therefore, movant has not demonstrated that he was prejudiced by counsel's advice.

*C. Failure to Investigate or Offer a Defense*

Movant contends counsel failed to investigate or offer any meaningful challenge to the government's case. However, movant failed to allege that additional investigation would have revealed any new evidence that would have assisted movant's defense. Nor has movant identified any potential defense to the government's case that would have led to a better outcome for the movant. Movant's conclusory assertions of prejudice are insufficient to satisfy the second prong of *Strickland*. *Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008).

At the evidentiary hearing, counsel appointed to represent movant for purposes of the hearing argued that counsel should have investigated movant's mental health issues. A criminal defendant must be mentally competent in order to stand trial. *Dunn v. Johnson*, 162 F.3d 302, 305 (5th Cir. 1998). To be competent, the defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960);

7

*United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009). This standard applies whether the defendant pleads guilty or stands trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993). To determine whether the defendant is competent, the district court may rely on its own observations of the defendant's demeanor and behavior and the observations of others who have interacted with the defendant. *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011).

The Presentence Report shows that movant had been diagnosed with bipolar disorder and attention deficit hyperactivity disorder (ADHD). At the plea hearing, when he was asked whether he had been treated recently for mental illness, movant testified that he had been treated for depression seven months prior to the hearing, but that it did not impact his ability to understand what was happening with his criminal case. Movant also denied being under the influence of any drug, medication, or alcoholic beverage at the time of the hearing. The magistrate judge concluded that movant was fully competent and capable of entering an informed plea. At the conclusion of the plea hearing, defense counsel notified the magistrate judge that movant did not feel he was receiving adequate medical treatment for his psychological problems, and the magistrate judge advised counsel of the procedure for requesting treatment.

Movant testified that he asked Mr. Cooper for a psychiatric evaluation, but Mr. Cooper testified that he did not recall movant asking for an evaluation. Mr. Cooper testified that he had no doubt that movant was competent to enter a plea and no doubt that movant was sane at the time of the criminal offenses. Counsel filed a motion to allow counseling during detention to show the court, as part of their defense strategy, that movant realized the error of his ways, and that he was trying to change. Prior to sentencing, the counselor submitted a memorandum regarding movant's participation in sex offender treatment, which was attached to the Presentence Report. Nothing in

8

the counselor's memorandum suggested that movant's competency was an issue requiring further investigation.

There is no evidence in the record that movant's mental health problems prevented him from consulting with his lawyers or understanding the nature of the proceedings. To the contrary, the record shows that movant was coherent at his court appearances and responded appropriately to the court's questions. Movant indicated that he understood the charges against him and the nature of the proceedings. Because there was no indication that movant was not competent to plead guilty, counsel did not perform deficiently by allowing him to enter the guilty plea without further investigating his mental health issues. Further, movant has not shown that he was prejudiced by counsel's failure to investigate.

### D. Failure to File a Motion to Suppress Evidence

Movant contends his attorney performed deficiently by failing to file a motion to suppress evidence. Movant has not demonstrated that there was a valid argument counsel could have made to suppress evidence. Counsel does not perform deficiently by failing to raise frivolous issues. Further, movant failed to demonstrate that he was prejudiced by counsel's failure to file a motion to suppress because he has not shown that any evidence would have been suppressed.

### E. Failure to Withdraw as Counsel

Movant contends Mr. Cooper had a conflict of interest because he did not want to represent a sex offender. As evidence of the alleged conflict, movant testified that Mr. Cooper seemed uncomfortable representing movant. Due to the alleged conflict of interest, movant contends Mr. Cooper should have withdrawn from the case.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to be represented by an attorney who does not have a conflict of interest. *Holloway v. Arkansas*, 435 U.S. 475, 481 (1978). In cases like this, where the alleged conflict does not arise from multiple representation, the movant must meet both prongs of the *Strickland* standard to prevail on a conflict of interest claim. *United States v. Bernard*, 762 U.S. 467, 476 (5th Cir. 2014), *petition for cert. filed*, _ U.S.L.W. _ (U.S. January 20, 2015) (No. 14-8071).

Movant offered no specific facts demonstrating that counsel had a conflict, except for his impression that counsel seemed uncomfortable representing him. At the evidentiary hearing, Mr. Cooper testified that he does not judge his clients, and that he has represented robbers, rapists, and murderers during his legal career. After reviewing the pleadings and having observed the demeanor of the witnesses, the court finds Mr. Cooper's testimony to be more credible. The court finds that Mr. Cooper did not have a conflict of interest in representing movant. Further, movant failed to show that counsel performed deficiently, or that movant was prejudiced by counsel's performance. Therefore, movant is not entitled to relief on this ground.

*II. Voluntariness of the Plea*

Movant contends his guilty plea was involuntary due to counsel's allegedly ineffective assistance. A guilty plea must be made knowingly, voluntarily, and intelligently to be constitutionally valid. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). When determining whether a plea is voluntary, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *Id*. A guilty plea may be found invalid if it was wrongfully induced by defense counsel's unkept promises. *United States v.*

10

*Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  However, a defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath.  *Id*.  Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings.  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

As discussed above, movant's guilty plea was not induced by promises made by his attorney.  The record is clear that movant had notice of the charges against him and understood the constitutional rights he was waiving.  Further, the court has concluded that counsel did not provide ineffective assistance.  Movant had competent counsel representing him.  Thus, the court finds that movant's guilty plea was voluntary.

Recommendation

The motion to vacate, set aside or correct sentence should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED** this   15   day of                May                , 2015.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE