IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES RUSTIN STEWART | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-405 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant James Rustin Stewart, a federal prisoner, proceeding *pro se*,[1] filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court ordered that this matter be referred to a United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends denying the motion.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

---

[1] The magistrate judge determined that an evidentiary hearing was necessary to resolve factual disputes, and counsel was appointed to represent movant.

At the evidentiary hearing, counsel for the movant noted that the three counts for which movant was convicted were erroneously grouped under the sentencing guidelines, resulting in a longer guideline range and potential sentence than if the counts were not grouped. This issue was not addressed in the Report and Recommendation because it was not a ground for review raised in the motion to vacate sentence, and movant did not request leave to amend the motion. Counsel raised the issue again in his objections to the Report and Recommendation, arguing that counsel provided ineffective assistance by failing to object to the grouping. Therefore, the court will assume that movant is seeking leave to amend his motion to vacate sentence.

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure apply to § 2255 motions, as long as they are not inconsistent with any statutory provisions or the Rules Governing Section 2255 Proceedings. Therefore, movant's ability to amend the motion to vacate sentence is governed by Rule 15 of the Federal Rules of Civil Procedure. *United States v. Saenz*, 282 F.3d 354, 355 (5th Cir. 2002).

Because the government had served a responsive pleading, movant may only amend by leave of court or with the government's written consent. FED. R. CIV. P. 15(a)(2). The government has not consented to the amendment in writing, so movant must have leave of court to amend. In determining whether to grant leave to amend, the court must consider the following factors: 1) whether permitting the pleading will cause undue delay in the proceedings or undue prejudice to the nonmovant, 2) whether the movant is acting in bad faith or with a dilatory motive, 3) whether the movant has previously failed to cure deficiencies by prior pleadings, or 4) if the proposed pleading is futile because it adds nothing of substance to the original pleadings or is not germane to

the original cause of action. *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 386-87 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

There is no indication that movant acted in bad faith, or that granting the motion would cause the government undue prejudice. However, allowing movant to amend at this point would necessarily cause delay. Further, it would be futile to allow movant to amend because the new ground for review is barred by the statute of limitations, unless the new ground for review relates back to the original pleading.

An amended pleading relates back to the date of the original pleading when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading. FED. R. CIV. P. 15(c). However, in this case, movant's claim that counsel provided ineffective assistance by failing to object to the grouping does not relate back to the subject matter of any of the claims in the original motion. Claims raised in an amended pleading do not relate back merely because they challenge the same conviction and sentence. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). A new claim of ineffective assistance of counsel does not relate back to prior ineffective assistance claims if it asserts a new ground for relief supported by different facts from those in the original pleading. *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009). Movant's new claim concerning grouping does not share facts with the other claims of ineffective assistance of counsel previously raised in this case. It is an entirely new claim that does not relate back to the original pleading. Accordingly, movant should be denied leave to amend the motion to vacate sentence.

Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate

3

of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

**ORDER**

Accordingly, movant's objections are **OVERRULED**. Movant is **DENIED** leave to amend the motion. The findings of fact and conclusions of law of the magistrate judge are correct, and the

4

report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED** this the **12** day of **August, 2015.**

_____
Thad Heartfield
United States District Judge